### JOHN A. BELL, in Error, *versus* LINUS AUSTIN *et al.*

If a writ of attachment is made returnable to the Court of Common Pleas on a day subsequent to the one fixed by law for the sitting of the court, and the action is entered but the defendant does not appear, the court cannot render a judgment against him upon the writ as it originally stood, nor can the writ be amended by inserting the proper return day.

THE error assigned in this case is stated in the opinion of the Court.

Sept 29th.    *Wells*, for the plaintiff in error, cited *Burk* v. *Barnard*, 4 Johns. R. 309 ; *Mills* v. *Bond*, 1 Str. 399 ; *Cramer* v. *Van Alstyne*, 9 Johns. R. 386 ; *Wood* v. *Hill*, 5 New Hampsh. R. 229.

*Bates* and *Dewey*, contrà, cited *St.* 1784, *c.* 28, § 14 *M<sup>c</sup>Qonkey* v. *Glen*, 1 Cowen, 141.

The opinion of the Court was afterwards drawn up by

SHAW C. J. This was a writ of error, and the error assigned was, that the judgment was rendered upon a default of the defendant, the plaintiff in error, when in truth he had not been served with process to appear at the court in which the judgment was rendered.

It appears by the record, that the plaintiff in error was summoned to appear at the Court of Common Pleas, then

next to be holden at Greenfield, on the first Tuesday of April, whereas the court was, by law, to be holden, and was in fact holden, on the *fifth* Tuesday of *March*, a week earlier than the time fixed in the writ. It also appears that the Court of Common Pleas allowed an amendment, by which the words "first Tuesday of April," describing the return day, were stricken out, and the words "fifth Tuesday of March," were inserted. The general question is, whether the judgment is erroneous ; and the Court are of opinion that it is.

The inquiry involves two points, namely, whether the judgment would have been good without an amendment ; and if not, whether the allowance of the amendment was regular, and so effectually corrected the error as to render the judgment valid.

In the first place, we may lay out of the case all those authorities cited to show that amendments may be made in writs of execution and other judicial writs. In such cases they may be allowed on two grounds ; that such writs are usually issued *ex officio* by the clerk, and the misprision of the officer of the court ought not to affect the rights of the parties ; and what is much more important, that they do not endanger or affect the essential right of the party sued, to appear and defend his rights. But our *capias ad respondendum*, or common writ of attachment, or original summons, is the process by which the party is in the first instance informed of the existence and nature of the suit, and of the court before which, and the time and place when and where he may appear and make his defence, in matter of fact as well as of law.

The statute prescribing the forms of writs, *St.* 1784, *c.* 28, § 1, leaves a blank for the day, which is equivalent to a direction, that the day shall be inserted. As this is the foundation of all further proceedings, and the only mode of notice to the defendant, that he is impleaded, it seems reasonable, that he should be distinctly informed, as well of the time, as the place, at which his appearance is required, to save his rights.

Bell
*v.*
Austin.

This construction is corroborated by another provision in the same statute, § 7, that when any defendant shall be duly served with process, and return thereof shall be made into the court where the same is returnable, and he shall not appear, his default shall be recorded and the charge in the declaration shall be taken to be true. This is the true foundation of the judgment on default. It is a fair legal presumption, that one who knows of the claim made against him, and of the time and place when and where he may answer it, but does not appear, admits the truth of the claim and its justice. But it is essential to the existence of this presumption, that he shall have precise and correct notice of such time and place. A very different rule might apply, when a defendant appears ; the appearance may be a waiver of all exception to the irregularity, and the party is before the court to maintain his rights. This decision, therefore, will have no tendency to disturb judgments, on account of irregularities of original process, when parties have had an opportunity to maintain their rights.

It is urged that the term " *next* to be holden at Greenfield," the term being fixed by a general law, is sufficiently certain. Without placing much reliance upon the consideration, that if there are two descriptions and they are in conflict with each other, it will be quite questionable whether they would not defeat each other and render the writ void, a more satisfactory answer is, that the statute, before rendering a party liable to a judgment for default of appearance, intended that the day should be plainly expressed in the writ ; and this is the more reasonable, as the terms, though fixed by law, are frequently changed. Besides, " next to be holden at such a time and place," is one combined description to be taken together. *Next* does not mean the term immediately ensuing the service ; and when the service is made on an individual within fourteen days, or a corporation within thirty days, next before the sitting of the court, the *next term* is not by law, or in fact, the return term.

Then the question is, whether the amendment could be rightfully made, and whether it removed the irregularity and

corrected the error; and we think not. Considered either upon principle or authority, it seems to be a case where such an amendment could not be made.

Bell
*v.*
Austin.

Where the parties are before the court, there seems to be no danger in giving to courts great latitude of discretion in the allowance of amendments. Both parties being in a condition to know and take notice of its orders, the court can always guard against injustice and surprise, by granting or refusing leave to amend, according to circumstances, and by prescribing terms. But a party, until served with original process, in contemplation of law is not before the court, has no actual or constructive notice of its orders, and cannot be bound by them.

The provisions of positive law, we think, lead to the same result. The statute already cited, *St.* 1784, *c.* 28, § 14, provides, that no writ, process or proceedings, shall be abated, arrested, quashed or reversed for any kind of circumstantial errors or mistakes, when the person and case may be rightly understood by the court, and on motion the court may order amendments. The plain meaning is, where the court has jurisdiction of the persons and subject matter. Having such jurisdiction, the proceedings, without danger or injustice, may be shaped and varied so as to reach the justice of such case, between those parties. The statute provision cited is a revision of the provincial statute of 13 *Will.* 3, where the provision is substantially the same, but the words are, "where the person and case may be rightly understood and intended by the court," that is, we think, where the person is brought within the jurisdiction of the court by the due service of process, and where the case, though defectively or informally stated, can be seen and understood, so that it shall appear that the amendment is for the same cause of action.

Considered either upon general principle, or the authority of the statute, we think, in the case at bar, the court had no jurisdiction of the person, and, therefore, either with or without the amendment, the judgment upon the defendant's default was erroneous. *Wood* v. *Hill,* 5 N. Hampsh. R. 229.

*Judgment reversed.*